■ In the Matter of the Claim of CHRISTINA SCARANGELLO, Respondent, against TOWN OF NORTH HEMPSTEAD et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by employer and its carrier from a decision of the Workmen's Compensation Board which awarded death benefits and relieved the respondent Special Disability Fund of liability. The board found, upon substantial evidence, that decedent's death resulted from an acute myocardial injury and infarction, coronary occlusion and complete heart block caused by the unusual strain and exertion of his work, some 15 days before, in assisting a coemployee to carry a life guard stanchion weighing about 200 pounds for a distance of 200 feet, in the course of which it was necessary to lift the stanchion over a fence. The only substantial controversy arises upon appellants' contentions that a diabetic condition of long standing, known to the employer to be permanent, contributed to cause arteriosclerosis which, in turn, became a contributory cause of death. The carrier offered medical opinion evidence supporting this theory of causation. Decedent's attending physician, on cross-examination, admitted the contributory factors of diabetes and arteriosclerosis but being then asked whether he would say " that the strain was a competent producing cause rather than the diabetes ", replied that he would. A cardiologist who twice examined decedent, shortly before his death, found the strain and exertion causative of the acute coronary

catastrophe which led to the complete heart block and death. He conceded that arteriosclerotic heart disease could result in symptoms such as were noted in decedent's case, without the incidence of trauma or unusual effort, but stated in detail the reasons for his conclusion that decedent's arteriosclerotic condition was not advanced to the point where it could cause vascular damage and said that there was no evidence of objective or subjective significant cardiac impairment. The board was entitled to accept this testimony and we find it sufficient to sustain the finding that death "resulted solely from the accident". As the respondent Fund could be held liable only upon a finding that "death would not have occurred except for [the] pre-existing permanent physical impairment" here claimed (Workmen's Compensation Law, § 15, subd. 8, par. [e]), the Fund was properly relieved. Decision and award unanimously affirmed, with costs to the Special Disability Fund. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.