■ In the Matter of the Claim of ROSE MARMORALE, Respondent, v LONG HORN RESTAURANT et al., Appellants, and SPECIAL DISABILITY FUND, Respondent, WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 15, 1975, and amended by supplemental decision on August 7, 1975 which relieved the Special Disability Fund from liability. The issue before the board was whether or not the appellants had established that death would not have occurred from acute cardiac failure on February 22, 1972 if it had not been for pre-existing diabetes. The record established that prior to his initial coronary injury on October 22, 1966 the decedent was afflicted with diabetes. However, there is no substantial evidence that the condition was not controlled by medication and the testimony of the appellants' medical expert did not establish any particular causal connection between the diabetes and death. At most the expert established that statistically the medical profession would expect a higher incidence of vascular disease among diabetics. An opinion of causation based simply upon a higher probability of vascular disease does not establish that there was any causal connection between the diabetes and the final, fatal episode of cardiac failure on February 22, 1972 (cf. *Matter of Jamieson v Passarelli,* 15 AD2d 854 [decretal par amd 15 AD2d 967]; *Matter of Scarangello v Town of North Hempstead,* 3 AD2d 874). The board's finding that the appellants had failed to establish that the diabetes caused the death is not arbitrary and capricious. Decision affirmed, with costs to the Special Disability Fund. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.